NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,

Debtors,

------------------------------

DAVID WILLIAM BARTENWERFER; KATE MARIE BARTENWERFER,

Appellants,

v.

KIERAN BUCKLEY,

Appellee.

No.    20-60020

BAP No. 19-1178

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Brand, Bankruptcy Judges, Presiding

Argued and Submitted July 29, 2021
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and HUCK,** District Judge.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

David and Kate Bartenwerfer appeal the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") decision, which affirmed the bankruptcy court's attorneys' fees award in favor of Kieran Buckley. We have jurisdiction under 28 U.S.C. § 158(d). We conduct "an independent review of the bankruptcy court's decision without deferring to the BAP." *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). After reviewing the bankruptcy court's attorneys' fees determination for an erroneous application of the law and abuse of discretion, *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997), we affirm.

The Bartenwerfers renovated a house in San Francisco, California, which they subsequently sold to Buckley. Shortly after the transaction, Buckley discovered defects in the house that were not disclosed to him by the Bartenwerfers in the real estate transfer disclosure statement and sales contract. Buckley sued the Bartenwerfers in California state court for (1) breach of contract, (2) negligence, (3) nondisclosure of material facts, (4) negligent misrepresentation, and (5) intentional misrepresentation. A jury found in favor of Buckley on his breach of contract, negligence, and nondisclosure of material facts claims; found against him on the remaining claims; and awarded him damages. Buckley then moved for attorneys' fees. Before the state court could render a decision on Buckley's motion, the Bartenwerfers filed for bankruptcy.

Buckley initiated an adversary proceeding against the Bartenwerfers in bankruptcy court, and the bankruptcy court determined that the portion of the state court judgment that was traceable to his nondisclosure claim could not be discharged in bankruptcy under 11 U.S.C. § 523(a)(2)(A).

Buckley then moved for attorneys' fees before the bankruptcy court. The bankruptcy court analyzed Buckley's attorneys' time entries, and after excluding time billed for travel and clerical tasks, awarded Buckley attorneys' fees that were incurred during the state court litigation. The Bartenwerfers appealed the decision to the BAP, which vacated the decision and remanded the case to the bankruptcy court to determine whether Buckley's attorneys' fees should be apportioned between fees that were traceable to the nondischargable claim (the nondisclosure claim) and fees that were traceable to the dischargeable claims (the breach of contract, negligence, negligent misrepresentation, and intentional misrepresentation claims).

On remand, and after additional briefing, the bankruptcy court determined that apportionment was not necessary and that its attorneys' fees award was reasonable. In reaching this conclusion, the bankruptcy court first imposed the burden on Buckley to prove entitlement to his attorneys' fees and to prove that apportionment was not appropriate. The bankruptcy court concluded that Buckley carried his burden by proving that his state court claims were inextricably intertwined as demonstrated by, among other things, his amended state court complaint and the jury

3

instructions, which established that apportionment was impracticable or impossible. The bankruptcy court then shifted the burden to the Bartenwerfers to object to specific time entries and to explain why some or all of the fees were objectionable. The bankruptcy court conducted an extensive review of Buckley's attorneys' time entries and the Bartenwerfers' objections, and concluded that the Bartenwerfers failed to carry their burden because the Bartenwerfers merely "highlighted a random smattering" of time entries and "provided little analysis" as to why the fees were objectionable. The Bartenwerfers appealed the bankruptcy court's decision to the BAP, which affirmed.

The Bartenwerfers' main argument is that the bankruptcy court erred in imposing the burden on them to apportion Buckley's attorneys' fees and erred in declining to apportion Buckley's attorneys' fees itself. We disagree. The bankruptcy court properly applied the burden-shifting framework. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (stating that applicant bears burden of proving entitlement to attorneys' fees, and opponent has burden of submitting evidence challenging the accuracy or reasonableness of the fees) (citing *inter alia Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Additionally, the Bartenwerfers argue that the bankruptcy court erred in concluding that they failed to carry their burden. This argument is not persuasive. A review of the record demonstrates that the Bartenwerfers failed to object to

4

specific time entries and failed to explain why some or all of Buckley's fees were objectionable. Thus, the bankruptcy court did not abuse its discretion by concluding that the Bartenwerfers failed to carry their burden, or by declining to apportion Buckley's attorneys' fees. *See In re Arciniega*, CC-17-1154, 2017 WL 6329748, at *10–13 (9th Cir. BAP Dec. 11, 2017) ("[T]he bankruptcy court was not obliged to apportion fees to the extent it was impractical or impossible to do so because the subject claims arose from a common core of facts or implicated issues that were inextricably intertwined.") (citing *Harman v. City & Cty. of San Francisco*, 158 Cal. App. 4th 407, 417 (2007)). As a final argument, the Bartenwerfers contend that the bankruptcy court was required to, but failed to, consider the extent of Buckley's state court success. Again, we disagree. A review of the bankruptcy court's attorneys' fees analysis clearly demonstrates the bankruptcy court properly considered the extent of Buckley's state court success.

We conclude that the bankruptcy court did not abuse its discretion in awarding Buckley attorneys' fees and in finding that the attorneys' fees award "reflect[ed] efficient, reasonable work habits and billing practices and are not inflated or otherwise excessive. The fees were appropriate given the vigor with which the parties contested the state court litigation and the fact that they ground through a three-week trial."

**AFFIRMED.**